# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY FUENTES, Administrator of the Estate of Alejandro Santos, decedent, | NO. 19-CV-1111 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| USAA GENERAL INDEMNITY COMPANY, | |
| Defendant. | |

## MEMORANDUM

Presently before me is the Motion to Dismiss Count Three of Plaintiff's Complaint - Bad Faith (Doc. 3) filed by Defendant USAA General Indemnity Company ("USAA"). Specifically, USAA contends that the Complaint fails to set forth sufficient facts to support a claim for an alleged violation of Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371. Because the facts as alleged in the Complaint state a plausible bad faith cause of action, USAA's motion to dismiss will be denied.

## I. Background

The facts as alleged in the Complaint are as follows:

On December 25, 2015, Plaintiff Bobby Fuentes' ("Fuentes") son, Alejandro Santos ("Santos"), was a passenger in an automobile operated by Alaysia English ("English"). (*See* Doc. 1, Ex. "5", ¶¶ 10, 25). The automobile was owned by Santos and insured by USAA. (*See id.*). As English and Santos traveled southbound on Long Pond Road, Tobyhanna Township, Pennsylvania, their vehicle collided with an automobile operated by Frank May ("May."). (*See id.* at ¶¶ 11-12). Santos suffered fatal injuries as a result of the accident. (*See id.* at ¶ 13; *see also id.* at ¶¶ 28-32).

At the time of the accident, USAA provided a policy of insurance to Fuentes numbered GIC 02660 5391 7102 7 (the "Policy"). (*See id.* at ¶ 17). The Policy

insured a 2005 Saturn Vue, a 2013 Ford Explorer, and a 2014 Mercedes E Class, and provided for underinsured motorist coverage with limits of $100,000.00 per person and $300,000.00 per accident. (*See id*. at ¶ 19). The Policy states: "[w]e will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of BI sustained by a covered person and caused by an auto accident." (*Id*. at Ex. "A", 17). "Covered person" is defined as: "1. You or any family member. 2. Any other person occupying your covered auto. 3. Any person for damages that person is entitled to recover because of BI to which this coverage applies sustained by a person described in 1. or 2. above." (*Id*. at Ex. "A", 15-16). "Family member," for purposes of the Policy, is "a person related to you by blood, marriage, or adoption who resides primarily in your household." (*Id*. at Ex. "A", 3). The address listed for Fuentes on the Policy was 1057 Delaware Lane, Stroudsburg, Pennsylvania. (*See id*. at Ex. "A", 1). At the time of the accident, Santos was living at Fuentes' household. (*See id*. at ¶ 24).

May was not insured on the day of the accident, while the vehicle English was driving had $15,000.00 in liability coverage. (*See id*. at ¶ 27). The $15,000.00 limit was tendered on May 30, 2017. (*See id*.).

On or about December 22, 2017, Fuentes filed a Praecipe for Writ of Summons in the Court of Common Pleas of Lackawanna County, Pennsylvania. (*See id*. at ¶ 34). The following month, Fuentes' counsel sent a letter of representation to USAA. (*See id*. at ¶ 35). On March 22, 2018, Fuentes contacted USAA's counsel concerning whether any additional policies were in effect at the time of the accident besides the policy covering the vehicle in the collision. (*See id*. at ¶ 36). By letter dated October 5, 2018, Fuentes made a demand for policy limits on the Policy issued to Fuentes. (*See id*. at ¶ 37).

On November 6, 2018, USAA confirmed that it had offered policy limits on the policy issued to Santos. (*See id*. at ¶ 38). USAA also indicated at that time that it did not have sufficient information to confirm that Santos was covered by the Policy

2

issued to Fuentes, so it requested information supporting the fact that Santos was covered by that Policy. (*See id*. at ¶ 39). In other words, USAA was questioning Santos' residency status at the time of the accident. (*See id*.).

On February 19, 2019, Fuentes, in response to USAA's November 6, 2018 correspondence, sent USAA the following proofs of Santos' residency: driver's license; local tax form; 2015 W2 form; 2016 W2 form; signed and notarized authorizations from Fuentes and his wife; and a bill for ambulance services from the day of Santos' death. (*See id*. at ¶ 40). These documents all reflected Santos' address as 1057 Delaware Lane, Stroudsburg, Pennsylvania. (*See id*. at ¶ 43).

By letter dated March 11, 2019, USAA advised Fuentes that it needed to "engage in discovery to develop the facts," so it requested that Fuentes file a Complaint. (*See id*. at ¶ 41). Two days later, USAA filed a Praecipe for Rule to File Complaint in the Lackawanna County Court of Common Pleas. (*See* Doc. 1, ¶ 2).

The three-Count Complaint was filed by Fuentes on May 30, 2019 in the Court of Common Pleas of Lackawanna County. (*See* Doc. 1, Ex. "5"). Count One of the Complaint asserts an underinsured motorist claim, Count Two alleges breach of contract, and Count Three sets forth a statutory bad faith cause of action. (*See id*., *generally*).

USAA removed the action to this Court on June 28, 2019. (*See* Doc. 1, *generally*). On July 2, 2019, USAA moved to dismiss the bad faith claim in Count Three of the Complaint. (*See* Doc. 3, *generally*). The motion to dismiss has now been fully briefed and is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is

3

entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

USAA seeks dismissal of the bad faith claim in Count Three of the Complaint. (*See* Doc. 3, *generally*). Pennsylvania law allows an insured party to receive punitive damages and other relief if the insurer acts in bad faith toward the insured party. *See* 42 Pa. C.S.A. § 8371. Section 8371 states:

> § 8371. Actions on insurance policies
>
> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

*Id*.

4

"[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680 (Pa. Super. Ct. 1994)). However, "proof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim under Section 8371 . . . . While such evidence is probative of the second *Terletsky* prong, . . . the insurer's knowledge or recklessness as to its lack of a reasonable basis in denying policy benefits is sufficient. " *Id*.

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky,* 649 A.2d at 688-89. "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371 . . . ." *Rancosky*, 170 A.3d at 374. However, recklessness on the part of the insurer can support a finding of bad faith. *See id*.

In seeking dismissal of the bad faith claim, USAA argues, *inter alia*, that the Complaint is littered with conclusory allegations and that the factual averments are insufficient to support a finding of bad faith. (*See* Doc. 4, 10-18). Fuentes responds that his Complaint adequately states a bad faith claim by detailing that the only reason USAA has not paid the claim is based on a residency dispute. (*See* Doc. 5, 11-20). But, says Fuentes, the facts as alleged make clear that Santos resided with Fuentes at the time of the accident and he was therefore covered by the Policy. (*See id*. at 15-16). In particular, despite having several proofs of residency, including driver's license and W2 forms indicating his address was the same as Fuentes, USAA did not pay his claim (or make an offer on the claim), instead instructing Fuentes to file a complaint so

USAA could "develop the facts." (*Id*. at 16).

While USAA is correct that boilerplate, conclusory allegations alone are not sufficient to state a claim under § 8371,[1] Fuentes in the matter *sub judice* has supported those allegations with enough factual matter to withstand a 12(b)(6) motion. In particular, the facts as presented in the Complaint indicate that USAA's coverage decision under the Policy hinged on a determination of whether Santos resided with Fuentes at the time of the accident. And, upon request, Fuentes alleges that he provided more than ample documentation to establish that both he and Santos resided at 1057 Delaware Lane, Stroudsburg, Pennsylvania at that time. (*See* Doc. 1, Ex. "5", ¶¶ 40, 43). Included in this documentation was a copy of Santos' driver's license and tax forms reflecting he resided at that address. (*See id*.). USAA is alleged to have responded not by requesting more information or identifying any deficiencies in the documentation supplied by Fuentes. (*See id*., *generally*). Instead, USAA essentially said to Fuentes "sue us." (*See id*. at ¶ 41; *see also* Doc. 1, ¶ 2 (filing Praecipe for Rule to File Complaint)). Although such conduct may ultimately not amount to bad faith, it is plausible based on the factual assertions in the Complaint that USAA acted in reckless disregard of its obligations under the Policy. So Fuentes is entitled to proceed with his statutory bad faith cause of action.

---

[1] I have detailed at length - repeatedly recently - the sort of boilerplate allegations that are insufficient to sustain a bad faith cause of action. *See*, *e.g.*, *Bloxham v. Allstate Ins. Co.*, No. 19-481, 2019 WL 1952696, at *3 (M.D. Pa. May 2, 2019); *Wyoming Valley Fraternal Order of Police v. Selective Ins. Co. of the Southeast*, No. 18-2270, 2019 WL 1877169, at *3-4 (M.D. Pa. Apr. 26, 2019); *Moran v. United Services Automobile Ass'n*, No. 18-2085, 2019 WL 626440, at *3-5 (M.D. Pa. Feb. 14, 2019); *Clarke v. Liberty Mut. Ins. Co.*, No. 18-1925, 2019 WL 522473, at *4-6 (M.D. Pa. Feb. 11, 2019). I do not repeat a similar discussion herein based on present counsel's familiarity with those decisions. *See*, *e.g.*, *Moran*, 2019 WL 626440 (USAA's counsel representing the insurer); *Clarke*, 2019 WL 522473 (Fuentes' counsel representing the insured).

## IV. Conclusion

For the above stated reasons, Defendant's motion to dismiss will be denied. An appropriate order follows.

July 22, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge